

_____
DAVID E. RICE
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| GLENN D. SCHWEIGER, | ) | Case No. 17-19857-DER |
| | ) | (Chapter 13) |
| Debtor. | ) | |
| _____ | ) | |

## MEMORANDUM OPINION

This case is before this court for a decision on the Chapter 13 trustee's objection to confirmation of the debtor's proposed Chapter 13 plan. The court held a hearing on confirmation of the plan on April 24, 2018. The relevant facts are not in dispute. After hearing the legal arguments of counsel, the court held this matter under advisement. After due deliberation and consideration of the facts and the legal arguments, the court is prepared to rule on this matter.

The debtor's plan seeks to cure the arrearages on the mortgage indebtedness secured by his residence. This is the debtor's second attempt to persuade the court that the unpublished opinion in *Ocwen Loan Servicing, LLC v. Kameni (In re Kameni)*, 2014 W.L. 3563658 (D. Md. July 16, 2014), *aff'd*, 589 Fed. Appx. 145 (4th Cir. 2015), permits a Chapter 13 debtor to cure mortgage defaults when a foreclosure auction sale has occurred prior to the filing of the debtor's bankruptcy petition. As explained in this opinion, the debtor's argument fails because (i) the moment the gavel falls at the public auction a landowner's equity of redemption is extinguished

under Maryland foreclosure law, and (ii) thereafter, cure of defaults is precluded by 11 U.S.C. § 1322(c)(1) unless the debtor's equity of redemption is restored by the state court ratification process.

## Jurisdiction

The court has subject matter jurisdiction over this proceeding under 28 U.S.C. § 1334, 28 U.S.C. § 157(a), and Local Rule 402 of the United States District Court for the District of Maryland.  This is a "core proceeding" under 28 U.S.C. § 157(b)(2)(L).  This memorandum opinion constitutes the court's findings of fact and conclusions of law in accordance with Rule 52 of the Federal Rules of Civil Procedure (made applicable here by Rules 3015(f), 7052, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules")).

## Findings of Fact

Based upon the prior hearings conducted by this court and the record in this proceeding, the court makes the following findings of fact which are not in dispute.

MidFirst Bank ("MidFirst") is the holder of a promissory note executed by Glenn David Schweiger (the "Debtor") that is secured by a deed of trust on his residence at 4421 Shamrock Avenue, Baltimore, Maryland 21206 (the "Property").  Before this case was filed, the Debtor defaulted on his loan and MidFirst commenced foreclosure proceedings against the Property in the Circuit Court for Baltimore City, Maryland (the "Circuit Court").  The substitute trustees under the deed of trust conducted a public auction foreclosure sale of the Property on July 20, 2017, at which MidFirst was the high bidder and purchased the Property for $57,760.00. Approximately 30 minutes later, the Debtor filed a voluntary petition in this court seeking relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").  As a result,

further foreclosure proceedings in the Circuit Court were stayed automatically under § 362(a) of the Bankruptcy Code.

On September 12, 2017, MidFirst filed a motion for relief from the automatic stay in order to obtain ratification of the sale by the Circuit Court and conclude the foreclosure proceeding. The Debtor thereafter filed a motion to convert this case to one under Chapter 13 of the Bankruptcy Code, which motion was granted on September 28, 2017. This court conducted a hearing on MidFirst's motion on October 16, 2017. Earlier that same day, the Debtor filed a proposed Chapter 13 plan under the terms of which the anticipated pre-petition arrears due MidFirst of $20,000.00 would be paid over 60 months and the Debtor would maintain post-petition payments directly (that is, outside the plan) in accordance with § 1322(b)(5) of the Bankruptcy Code. At the October 16, 2017 hearing, the Debtor asserted that *Kameni* was the "governing law" in this district and dictated that the Debtor be afforded an opportunity to obtain confirmation of a plan proposing to cure pre-petition arrearages despite completion of the foreclosure auction of the Property prior to the filing of his bankruptcy petition.

This court declined to adopt the Debtor's interpretation of *Kameni* and granted MidFirst's request to terminate the automatic stay, thereby permitting MidFirst to seek ratification of the sale of the Property. The Debtor filed a timely appeal from that order. His request for a stay pending appeal from this court was denied. *In re Schweiger*, 578 B.R. 734, 737 (Bankr. D. Md. 2017) ("*Schweiger I*") ("*Kameni* is neither controlling nor persuasive authority in support of the Debtor's argument on success on the merits [of his appeal]."). The district court recently affirmed this court's order granting relief from the automatic stay. *Schweiger v. MidFirst Bank*, 2018 W.L. 1471680, *3 (D. Md. March 26, 2018) ("*Schweiger II*") ("The *Kameni* opinion did

not announce a new rule of bankruptcy law, contrary to [the Debtor's] argument in the instant appeal.").[1]

While the appeal was pending the Debtor filed an amended Chapter 13 plan, which was later amended by a second amended Chapter 13 plan filed on January 15, 2018 (the "Chapter 13 Plan").[2] The Chapter 13 trustee objected to confirmation of the Chapter 13 Plan because, among other things, cure of pre-petition arrears is not permitted under § 1322(c)(1) of the Bankruptcy Code when "under Maryland law the foreclosure sale was held before the Voluntary Petition was filed and the equity of redemption has, therefore, been extinguished." Amended Objection to Confirmation [Docket No. 60, Page 2 of 5] (citing *In re May*, 546 B.R. 639 (Bankr. D. Md. 2016); *In re Denny*, 242 B.R. 593 (Bankr. D. Md. 1999); and *In re De Souza,* 135 B.R. 793 (Bankr. D. Md. 1992)).

Although the Chapter 13 Plan was served on MidFirst and its counsel, and it was on notice of the April 24, 2018 confirmation hearing, MidFirst did not object to confirmation of the Chapter 13 Plan or appear at the hearing.[3] As far as the Debtor and the Chapter 13 trustee were then aware, the Circuit Court had not yet ratified the sale of the Property. The Debtor did not argue at the hearing that the foreclosure was not conducted according to Maryland law or that he has any basis to take exception to ratification of the sale. The Chapter 13 trustee argued that in

---

[1] Under Rule 4 of the Federal Rules of Appellate Procedure, April 25, 2018 was the last day to timely file a notice of appeal to the Fourth Circuit with respect to the district court's order entered on March 26, 2018. The Debtor acknowledged that no notice of appeal had been filed as of the April 24, 2018 hearing in this court, and a subsequent review of the district court's docket indicates that no notice of appeal was subsequently filed.

[2] Amended Chapter 13 Plan [Docket No. 57]. Notice of the filing of the Chapter 13 Plan and the confirmation hearing thereof was duly given to MidFirst and its counsel. Paragraph 2(e)(ii) of the Chapter 13 Plan provides for the Debtor to cure of the anticipated pre-petition arrears of $20,000.00 due to MidFirst in 48 payments of $416.67 per month. Although MidFirst did not file a proof of claim prior to the January 31, 2018 bar date, the Debtor filed a timely protective proof of claim on its behalf on February 13, 2018 in accordance with Rule 3004 of the Federal Rules of Bankruptcy Procedure in which the amount necessary to cure any default as of the date of the petition is stated to be $20,000.00 [Claim Nos. 2-1 and 3-1]. Notice of the filing of the protective proof of claim was duly given to MidFirst and its counsel.

[3] At the confirmation hearing, the Chapter 13 trustee advised the court that all objections to confirmation of the Chapter 13 Plan had been resolved other than the objection to the provision for a cure of the arrearages on the MidFirst mortgage indebtedness.

light of the district court's recent ruling on the Debtor's appeal, *Kameni* was not applicable and the Debtor's proposed cure and reinstatement of the MidFirst mortgage was not permitted under § 1322(c)(1) of the Bankruptcy Code for the reasons stated in *May*, *Denny*, and *De Souza*. The Debtor argued that (i) the Chapter 13 trustee lacked standing to object to confirmation of the Chapter 13 Plan because MidFirst had not objected to the plan, and (ii) this court's ruling on MidFirst's motion for relief from the automatic stay was not dispositive and the Debtor should be permitted to cure arrearages and reinstate the mortgage on the Property under *Kameni*.

## Conclusions of Law

For the reasons that follow, this court declines to adopt either of the arguments advanced by the Debtor as a basis for confirmation of the Chapter 13 Plan.

### I. Standing of the Chapter 13 Trustee.

The language of the Bankruptcy Code makes clear that a Chapter 13 trustee has standing to object to confirmation of a Chapter 13 plan. Section 1302 provides in pertinent part as follows: "The [Chapter 13] trustee shall … appear and be heard at any hearing that concerns … confirmation of a plan." 11 U.S.C. § 1302(b)(2)(B). See also *In re Davis*, 411 B.R. 225, 228 (Bankr. D. Md. 2008). As another court in the Fourth Circuit has observed, this statutory language "expressly grants [the Chapter 13 trustee] standing to appear and be heard at any hearing regarding the confirmation of [the] Debtor's Plan. … Therefore, [the Chapter 13 trustee] may oppose confirmation on any grounds allowed by Title 11, regardless of whether [the Chapter 13 trustee] is adversely affected by particular provisions of the Plan." *In re Ballard*, 2007 W.L. 7340479, *2 (Bankr. D.S.C. Sept. 13, 2007) (citing *In re Erwin*, 10 B.R. 138, 139 (Bankr. D. Colo. 1981) ("[T]he clear language requiring the trustee to be 'heard' concerning confirmation leads to the inescapable conclusion that the trustee is a 'party in interest' with

standing to object to confirmation.")). In any event, regardless of whether the Chapter 13 trustee has standing, the court may raise an objection to the plan *sua sponte* as the ultimate arbiter regarding whether the plan is confirmable. See *In re Fox*, 249 B.R. 140, 144 (Bankr. D.S.C. 2000).

The Debtor argued at the hearing that the standing of the Chapter 13 trustee was negated by the combined effect of an absence of objection by MidFirst and the Supreme Court's decision in *United Student Aid Funds v. Espinosa*, 559 U.S. 260 (2010). The court disagrees. *Espinosa* simply has no application here. In *Espinosa*, the Supreme Court held that a creditor that did not appeal confirmation of a Chapter 13 plan was bound by the terms of that plan even though it provided for the discharge of student loan debt without the commencement of a separate adversary proceeding as otherwise required under Bankruptcy Rule 7001(6). 559 U.S. at 276. That ruling does not apply here because this court is presented with an objection prior to (not after) confirmation of the Chapter 13 Plan.

More importantly, in *Espinosa* the Supreme Court emphasized that bankruptcy courts are to confirm Chapter 13 plans (regardless of whether there is an objection) ***only if*** the plan meets the statutory requirements for confirmation. As the Supreme Court said, "§ 1325(a) instructs a bankruptcy court to confirm a plan only if the court finds, *inter alia*, that the plan complies with the 'applicable provisions' of the [Bankruptcy] Code." 559 U.S. at 277. "Thus, … the [Bankruptcy] Code makes plain that bankruptcy courts have the authority—indeed, the obligation—to direct a debtor to conform his plan to the requirements of [the applicable provisions]." *Id.* As explained below, the Debtor's Chapter 13 Plan does not comply with § 1322(c)(1), which limits the rights of a debtor to cure defaults under § 1322(b)(2) and § 1322(b)(5).

## II.   Cure of Mortgage Defaults.

The applicable rule is (and has long been) clear with respect to foreclosure sales conducted in accordance with Maryland law—

> … Section 1322(c)(1) of the Bankruptcy Code affords the debtor an opportunity [to] cure a default on her principal residence by filing a petition under Chapter 13 of the Bankruptcy Code before the foreclosure auction takes place.  That section, however, does not change the result of *In re De Souza*.  A petition filed subsequent to the falling of the auctioneer's gavel simply comes too late.

*Denny*, 242 B.R. at 599.

The Debtor's argument that *Kameni* reversed well-settled law in this district was rejected in the *May* opinion, in which the court specifically said that *Denny* and *De Souza* **are** the "well-established case law in this district." *May*, 546 B.R. at 641.  His argument was again rejected by this court when it granted MidFirst's motion for relief from stay and again when it denied the Debtor's request for a stay pending appeal.  *Schweiger I*, 578 B.R. at 737-38.  This same argument was rejected by the district court yet again on appeal from the order granting relief from stay in this case. *Schweiger II*, 2018 W.L. 1471680 at *2-3.  There is no reason for this court to deviate now from this well-established rule of law merely because the issue is raised anew in the context of confirmation of the Chapter 13 Plan.  Thus, this court must deny confirmation of the Chapter 13 Plan, which provides for a cure of mortgage arrearages pursuant to § 1322(b)(5) when such cure is precluded by § 1322(c)(1) and Maryland law.

Moreover, the court declines to re-evaluate whether a debtor can cure mortgage arrears on a property that was foreclosed upon pre-petition because it has been established as law of this case.  The law of the case doctrine provides "that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."

*Arizona v. California*, 460 U.S. 605, 618, (1983). The doctrine was developed to provide judicial efficiency and consistency; without it a court would be asked to continuously reconsider legal conclusions it had already made at every step of litigation. See *Liona Corp. v. PCH Assocs. (In re PCH Assocs.)*, 949 F.2d 585, 592 (2d Cir. 1991) ("Law of the case rules have developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit.") (citing 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4478, at 788 (1981)); see also *Hoch v. Hoch (In re Hoch)*, 577 B.R. 202, 210-211 (Bankr. E.D.N.C. 2017) (Law of the case "is supported by numerous important policy considerations, including affording litigants a 'high degree of certainty as to what claims are—and are not—still open for adjudication,' furthering the public's interest in finality and repose, promoting judicial economy and efficiency, and increasing 'confidence in the adjudicatory process.'") (citing *Ellis v. United States*, 313 F.3d 636, 646 (1st Cir. 2002)).

When—as is the case here—an appellate court has ruled upon the matter, the more stringent "mandate rule" branch of the law of the case doctrine applies, which "'prohibits lower courts, with limited exceptions, from considering questions that the mandate of a higher court has laid to rest.'" *CoreTel Va., LLC v. Verizon Va., LLC,* 808 F.3d 978, 983 (4th Cir. 2015) (quoting *Moore v. Bennette*, 517 F.3d 717, 727 (4th Cir. 2008)). The Fourth Circuit has laid out three exceptions where a court may decline to follow the mandate rule: "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 191 (4th Cir. 2009) (quoting *United States v. Aramony*, 166 F.3d 655, 661 (4th Cir. 1999)). No such exceptions apply here.

Thus, the mandate rule requires this court to apply the rule of law established for this case on appeal in *Schweiger II*. That rule of law is the one stated in *May*, *Denny*, and *De Souza*.

Lastly, this court does not mean to suggest that there are not instances when a debtor might be able to cure mortgage defaults despite completion of the foreclosure auction prior to bankruptcy—such instances would arise (if at all) only when the sale is ultimately not ratified and is declared void by the state court.[4] In the instant case, the Debtor has never argued that the foreclosure was not conducted in accordance with Maryland law or that there is a basis on which the Circuit Court could set aside the sale. Instead, the Debtor insists here that his right to cure arises solely as a matter of law under *Kameni* and the Bankruptcy Code. That being the case, this court must deny confirmation of the Debtor's Chapter 13 Plan because (as explained above) the right asserted by the Debtor does not exist.[5]

## Conclusion

The Debtor's Chapter 13 Plan proposes to cure mortgage arrears on his residence but such cure is not permitted under § 1322(c)(1) of the Bankruptcy Code because the Debtor's equity of redemption was foreclosed by completion of an auction sale before his bankruptcy petition was filed. The Chapter 13 Plan is therefore not confirmable under § 1325(a)(1) of the Bankruptcy Code. Accordingly, the court will sustain the Chapter 13 trustee's objection and deny confirmation of the Debtor's Chapter 13 Plan. The court will enter a separate order consistent with the terms of this memorandum opinion.

---

[4] The *Denny* opinion acknowledges this possibility stating that where an exception to ratification is sustained and the state court thereby voids a foreclosure sale, the consequence is the restoring of the debtor's equity of redemption. 242 B.R. at 599. The district court made the same observation when it denied the Debtor's appeal. *Schweiger II*, 2018 W.L. 1471680 at *3 (quoting *Butler v. Daum*, 226 A.2d 261, 264 (Md. 1967)).

[5] Because the Debtor cannot propose a plan that would achieve his stated objective of curing his mortgage defaults and allowing the Debtor to keep his residence, confirmation of the Chapter 13 Plan will be denied without leave to amend.

cc: Michael P. Coyle, Esq.
The Coyle Law Group LLC
6700 Alexander Bell Drive, Suite 200
Columbia, Maryland 21046
*Attorney for the Debtor, Glenn D. Schweiger*

Richard J. Rogers, Esq.
Cohn, Goldberg & Deutsch, LLC
600 Baltimore Avenue, Suite 208
Towson, Maryland 21204
*Attorney for MidFirst Bank*

Nancy Spencer Grigsby
185 Admiral Cochrane Drive, Suite 240
Annapolis, Maryland 21401
*Chapter 13 Trustee*

**-- END OF MEMORANDUM OPINION –**